# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR PULIDO,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:16-cv-01155-SAB<br><br>ORDER GRANTING PLAINTIFF'S SOCIAL SECURITY APPEAL AND REMANDING FOR FURTHER PROCEEDINGS<br><br>(ECF No. 19, 23) |

**I.**

**INTRODUCTION**

Plaintiff Hector Pulido ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits pursuant to the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Stanley A. Boone.[1]

Plaintiff suffers from ankylosing spondylitis, degenerative disc disease of the lumbar spine, Scheuermann's disease, osteoporosis, high blood pressure, hypertension, bilateral ankle pain, status post hernia surgery, and depression. For the reasons set forth below, Plaintiff's Social Security appeal shall be granted.

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge. (See ECF Nos. 9, 10.)

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income on May 2, 2006; and on February 28, 2008, Administrative Law Judge Havens found that Plaintiff was not disabled. (AR 111-123.) The appeals council denied Plaintiff's request for review in an undated decision. (AR 124-126.)

On November 6, 2008, Plaintiff protectively filed an application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. (AR 127, 128.) Plaintiff's applications were initially denied on February 13, 2009, and denied upon reconsideration on June 1, 2009. (AR 207-210, 215-229.) Plaintiff requested and received a hearing before Administrative Law Judge Daniel Heely. Plaintiff appeared for a hearing on July 1, 2010. (AR 31-55.) On September 7, 2010, Administrative Law Judge Heely found that Plaintiff was not disabled. (AR 137-150.) The Appeals Council granted Plaintiff's request for review. (AR 156-157.) Plaintiff appeared for a hearing before Administrative Law Judge Heely on April 3, 2012. (AR 56-73.) On April 27, 2012, Plaintiff was found to be not disabled. (AR 183-200.)

On January 28, 2014, the Appeals Council remanded the matter and directed that the Administrative Law Judge obtain updated evidence, as available from Plaintiff's treating sources, including all clinical, laboratory, diagnostic, and treatment information; further evaluate the claim in accordance with Acquiescence Ruling 97-4(9) (presumption of continuing non-disability); further evaluate Plaintiff's subjective complaints; give further consideration to Plaintiff's maximum residual functional capacity; and if warranted by the expanded record, obtain supplemental evidence from a vocational expert. (AR 178-181.)

On remand, Plaintiff received a hearing before Administrative Law Judge Trevor Skarda ("the ALJ"). Plaintiff appeared for a hearing on June 12, 2014. (AR 74-110.) On October 20, 2014, the ALJ found Plaintiff was not disabled. (AR 7-22.) The Appeals Council denied Plaintiff's request for review on June 3, 2016. (AR 1-3.)

### A. Relevant Hearing Testimony

Dr. Bowiner testified as a medical expert at the July 12, 2014 hearing. (AR 85-94.)

Plaintiff also testified at the hearing. (AR 95-105.) Plaintiff is 5 foot 6 inches tall and weighed 195 pounds on the date of the hearing. (AR 104.) He had gained about eight pounds in the previous six months. (AR 104.) Plaintiff does not know that he has any difficulties from his weight gain. (AR 104.) Plaintiff is sitting around more. (AR 104.)

Plaintiff testified that his spine is fused. (AR 94.) Plaintiff has more pain and less movement in his spine than he had two years prior. (AR 95-96.) When he moves, Plaintiff gets pain deep in his spine that his medication does not even help. (AR 96.) His pain is so deep that he has to stop what he is doing and then the pain will go away. (AR 96.) Plaintiff has constant pain in his spine. (AR 100.) Plaintiff injects himself with Ambril once a week and also takes hydrocodone. (AR 96-97, 103.) Plaintiff takes two to three hydrocodone a day for breakthrough pain. (AR 97-98.) Plaintiff sometimes gets nausea from his medication. (AR 102.)

Plaintiff just sits. (AR 98.) He does a little bit of light chores, but nothing heavy. (AR 98.) Plaintiff stays home and does whatever he can around the house and that is not much. (AR 101.) Plaintiff does not lie down because it puts too much pressure on his spine and hurts too much. (AR 101.) Plaintiff moves and then sits for a while. (AR 101.) Plaintiff can walk a few blocks without stopping and walks at a medium pace. (AR 101.) If Plaintiff does too much of anything his spine will hurt. (AR 102.) Sometimes he gets a pain out of nowhere and will have to stop what he is doing. (AR 102.) That is happening more and more. (AR 102.) Plaintiff's pain lasts about the same amount of time as in the past, but is happening more frequently. (AR 102.) The pain is radiating to his heels and he is having knee pain. (AR 104-105.)

Plaintiff is able to dress and bath himself. (AR 103.) He can put his shoes on as long as he is able to lift his leg to tie them. (AR 103.) He does not squat down very well. (AR 103.) Plaintiff does not bed over but squats slowly to pick something up off the ground. (AR 103.) Plaintiff cannot sleep on his back but must sleep on his side and constantly has trouble sleeping. (AR 103.)

///

Plaintiff drives at least twice a day, short drives. (AR 98-99.) Plaintiff drives twice a day to watch his grandson play high school baseball. (AR 99.) Plaintiff will have to get up and stretch a bit during the game. (AR 99.) Plaintiff can sit for 15 to 20 minutes and then will stand for 15 to 20 minutes and then will walk around. (AR 99.) Plaintiff is able to lift 10 to 20 pounds. (AR 99.) It has been a couple years since he lifted 20 pounds. (AR 100.) He does not know how much weight he can lift. (AR 101.)

### B. ALJ Findings

The ALJ made the following findings of fact and conclusions of law.

- Plaintiff met the insured status requirements of the Social Security Act through March 31, 2009.

- Plaintiff has not engaged in any substantial gainful activity since the amended alleged onset date of March 1, 2008.

- Plaintiff has the following severe impairments: ankylosing spondylitis and degenerative disc disease of the lumbar spine and cervical spine.

- Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.

- Plaintiff has the residual functional capacity to perform light work, except he can stand and walk for 6 out of 8 hours; sit for 6 out of 8 hours; and must be afforded the opportunity to change positions hourly for approximately 5 minutes around the workstation. Plaintiff is limited to occasional postural activities and frequent overhead reaching. Plaintiff must avoid all exposure to hazardous duties such as unprotected heights and climbing of ladders, ropes, or scaffolds; and only occasional exposure to excessive cold and humidity.

- Plaintiff is unable to perform any past relevant work.

- Plaintiff was born on December 20, 1960, and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. Plaintiff subsequently changed age category to closely approaching advanced age.

- Transferability of job skills is not material to the determination of disability because

|   |   |
|---|---|
| 1 | using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is |
| 2 | not disabled whether or not he has transferable job skills. |
| 3 | • Considering Plaintiff's age, education, work experience, and residual functional |
| 4 | capacity, there are jobs that exist in significant number in the national economy that |
| 5 | Plaintiff can perform. |
| 6 | • Plaintiff has not been under a disability as defined in the Social Security Act from |
| 7 | January 7, 2004, through the date of this decision. |

(AR 13-22.)

## III.

## LEGAL STANDARD

To qualify for disability insurance benefits under the Social Security Act, the claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations set out a five step sequential evaluation process to be used in determining if a claimant is disabled. 20 C.F.R. § 404.1520; <u>Batson v. Commissioner of Social Security Administration</u>, 359 F.3d 1190, 1194 (9th Cir. 2004). The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.

Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.

Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that

exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006).

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In reviewing findings of fact in respect to the denial of benefits, this court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means more than a scintilla, but less than a preponderance. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002) (quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill, 698 F.3d at 1159 (quoting Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006). However, it is not this Court's function to second guess the ALJ's conclusions and substitute the court's judgment for the ALJ's. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

**IV.**

**DISCUSSION AND ANALYSIS**

Plaintiff argues that the ALJ erred by failing to provide clear and convincing reasons to reject his testimony and that this action should be remanded for further proceedings. Defendant counters that the ALJ's credibility finding should be affirmed because the ALJ provided specific and legitimate reasons that are supported by substantial evidence in the record to discount Plaintiff's allegations regarding his functional capacity.

"An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (internal punctuation and citations omitted). Determining whether a claimant's testimony regarding subjective pain or symptoms is credible, requires the ALJ to engage in a two-step analysis. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). The ALJ must first determine if "the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal punctuation and citations omitted). This does not require the claimant to show that his impairment could be expected to cause the severity of the symptoms that are alleged, but only that it reasonably could have caused some degree of symptoms. Smolen, 80 F.3d at 1282.

Second, if the first test is met and there is no evidence of malingering, the ALJ can only reject the claimant's testimony regarding the severity of his symptoms by offering "clear and convincing reasons" for the adverse credibility finding.[2] Carmickle v. Commissioner of Social Security, 533 F.3d 1155, 1160 (9th Cir. 2008). The ALJ must specifically make findings that support this conclusion and the findings must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal punctuation and citations omitted). Factors that may be considered in assessing a claimant's subjective pain and symptom testimony include the claimant's daily activities; the location, duration, intensity and frequency of the pain or symptoms; factors that cause or aggravate the symptoms; the type, dosage, effectiveness or side effects of any medication; other measures or treatment used for relief; functional restrictions; and other relevant factors. Lingenfelter, at 1040; Thomas, 278 F.3d at 958. In assessing the claimant's credibility, the ALJ may also consider "(1) ordinary techniques of credibility evaluation, such as the claimant's

---

[2] Defendant argues that the clear and convincing standard should not apply to evaluation of the claimant's testimony, however the Ninth Circuit has rejected this argument in Garrison v. Colvin, 759 F.3d 995, 1015 n.18 (9th Cir. 2014).

7

reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; [and] (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment. . . ." Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting Smolen, 80 F.3d at 1284).

After carefully considering the evidence, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. (AR 15.) The ALJ then set out to evaluate the prior decision of Judge Havens, and the medical record. (AR 15-20.) Defendant argues that the ALJ provided reasons that support the adverse credibility finding within this discussion, such as that Plaintiff improved with medication, his symptoms were stable, the objective medical evidence did not corroborate the extent of Plaintiff's alleged limitations and even contradicted them, and his activities of daily living demonstrate greater level of functionality than he alleged.

The ALJ's credibility finding must be sufficiently clear for the reviewing court to conclude that the rejection of the claimant's testimony was on permissible grounds and that the testimony was not rejected arbitrarily. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted). A boilerplate statement that the claimant's symptoms are less serious than alleged is not sufficient to identify the symptoms that were found to be not credible and why. Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015).

In this instance, the ALJ did state that the opinion is consistent with Plaintiff's "own activities of daily living, which indicate greater functionality than he has alleged with the ability to do some light household chores, the ability to walk and drive unassisted several times a day, and to watch his grandson's baseball games on a regular, daily basis." (AR 20-21.) However, the ALJ's opinion does not identify any functional limitations that Plaintiff is alleging which are inconsistent with the activities identified. While daily activities may be a valid basis on which to

reject a claimant's testimony, Orn, 495 F.3d at 639; Phillips v. Colvin, 61 F. Supp. 3d 925, 944 (N.D. Cal. 2014), the ALJ did not set forth the specific functional limitation testimony that was inconsistent with Plaintiff's alleged activities. Therefore, the Court cannot ascertain if this would be a clear and convincing reason to reject Plaintiff's testimony.

Although the reasons argued by Defendant may be a valid basis to reject Plaintiff's testimony, "[a] reviewing court can evaluate an agency's decision only on the grounds articulated by the agency." Ceguerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). The ALJ did not reject Plaintiff's testimony based on the reasons argued in Defendant's opposition and this Court cannot consider Defendant's post hac rationalizations. The Court finds that the ALJ failed to provide clear and convincing reasons to reject Plaintiff's testimony.

The ordinary remand rule provides that when "the record before the agency does not support the agency action, ... the agency has not considered all relevant factors, or ... the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). This applies equally in Social Security cases. Treichler, 775 F.3d at 1099. Under the Social Security Act "courts are empowered to affirm, modify, or reverse a decision by the Commissioner '*with or without* remanding the cause for a rehearing.'" Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). The decision to remand for benefits is discretionary. Treichler, 775 F.3d at 1100. In Social Security cases, courts generally remand with instructions to calculate and award benefits when it is clear from the record that the claimant is entitled to benefits. Garrison, 759 F.3d at 1019.

The Ninth Circuit has "devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for

1  rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly
2  discredited evidence were credited as true, the ALJ would be required to find the claimant
3  disabled on remand." Garrison, 759 F.3d at 1020.  The credit as true doctrine allows "flexibility"
4  which "is properly understood as requiring courts to remand for further proceedings when, even
5  though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a
6  whole creates serious doubt that a claimant is, in fact, disabled. Id. at 1021.  Finally, "[a]
7  claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no
8  matter how egregious the ALJ's errors may be." Strauss v. Comm'r of the Soc. Sec. Admin.,
9  635 F.3d 1135, 1138 (9th Cir. 2011).

10       In his opinion addressing the physician opinions, the ALJ found that Plaintiff has
11 improved with treatment, medical evaluation notes minimal symptoms and clinically stable
12 findings, examination findings show full range of motion in the spine with essentially normal
13 radiological evidence, and Plaintiff testified that in a typical day he watches his grandson play
14 high school baseball which would require sitting or standing for at least two hours if not more.
15 (AR 18-20.)  There are outstanding issues to be resolved before the determination of disability
16 can be made and this case raises serious doubts as to whether Plaintiff is in fact disabled within
17 the meaning of the Social Security Act. Treichler, 775 F.3d at 1106.  The Court finds that this
18 action must be remanded for the ALJ to properly consider whether to reject or accept Plaintiff's
19 symptom testimony and whether Plaintiff is disabled within the meaning of the  Social Security
20 Act. See 20 C.F.R. § 416.929(c).
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

# V.
# CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ erred in failing to provide clear and convincing reasons to find Plaintiff's testimony regarding his pain and symptoms not credible.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's appeal from the decision of the Commissioner of Social Security is GRANTED and this action is REMANDED for further proceedings. It is FURTHER ORDERED that judgment be entered in favor of Plaintiff Hector Pulido and against Defendant Commissioner of Social Security. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated: __**August 18, 2017**__

_____
UNITED STATES MAGISTRATE JUDGE